# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| DEBORAH A. KUHAR, | : | Bankruptcy No. 04-36627DWS |
| | : | |
| Debtor. | : | |

# MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, Chief Bankruptcy Judge**

Before the Court is the Debtor's Motion to Reconsider Dismissal of Case and for Permission to Amend Plan Post-Confirmation ("Reconsideration Motion") and the objection of the Chapter 13 trustee (the "Trustee") and Chase Manhattan Mortgage Corp. ("Chase") (together "Objectors") thereto. The Objectors contend that the Debtor simply does not have the financial resources to make plan payments and maintain current mortgage payments so that the reinstatement of the case would be futile. Based on the history of this bankruptcy case and after an evidentiary hearing at which the Debtor testified, I concur. In any event, there are no grounds for reconsideration pled or proven. Accordingly, the Motion is denied.

**BACKGROUND**

Debtor filed this Chapter 13 case on December 16, 2004. On March 1, 2005 Chase filed a motion for relief which was settled by a stipulation in which Debtor acknowledged

that she had made no post-petition payments since the case began and agreed to cure the $4,609.24 arrears and remain current or suffer loss of the automatic stay. Doc. No. 22.[1] On May 20, 2005 the Trustee filed his first motion to dismiss for failure to make timely payments, lack of plan feasibility, and missing documents. Doc. No. 31. The hearing was continued until September 1, 2005 when the Trustee recommended confirmation after an amended plan had been filed increasing the monthly plan payments from $200 to $325. Doc. Nos. 42, 44.

On January 11, 2006 the second Trustee's motion to dismiss was filed for failure to make timely payments. Doc. No. 53. It was continued until February 23, 2006 under the condition that the delinquency would be cured by February 16, 2006 or the case would be dismissed. Doc. No. 56. While that motion was withdrawn, a third Trustee's motion to dismiss for delinquent payments was filed on May 8, 2006. Doc. No. 58. That motion was continued until August 10, 2006 and also withdrawn.

---

[1] I shall take judicial notice of the docket entries in this case. Fed.R.Evid. 201, incorporated in these proceedings by Fed.R.Bankr.P. 9017. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); Levine v. Egidi, 1993 WL 69146, at *2 (N.D. Ill. 1993); In re Paolino, 1991 WL 284107, at *12 n. 19 (Bankr. E.D. Pa. 1991); see generally In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995). While a court may not take judicial notice *sua sponte* of facts contained in the debtor's file that are disputed, In re Augenbaugh, 125 F.2d 887 (3d Cir. 1942), it may take judicial notice of adjudicative facts "not subject to reasonable dispute ... [and] so long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." In re Indian Palms Assoc., 61 F.3d 197, 205 (3d Cir. 1995) (*citing* Fed.R.Evid. 201(f) advisory committee note (1972 proposed rules). Moreover, "factual assertions in pleadings, which have not been superceded by amended pleadings, are judicial admissions against the party that made them. Larson v. Gross Bank, 204 B.R. 500, 502 (W.D. Tex. 1996) (statements in schedules). See also In re Musgrove, 187 B.R. 808 (Bankr. N.D. Ga. 1995) (same); In re Leonard, 151 B.R. 639 (Bankr. N.D.N.Y. 1992) (same).

The fourth Trustee's motion to dismiss for failure to make plan payments was filed on November 1, 2006. Doc. No. 68. On December 7, 2006 Chase certified default of the Stipulation and Debtor objected thereto. Doc. Nos. 71 and 73. All matters were continued by the parties until January 16, 2007 when a consolidated evidentiary hearing was held. As a result of Debtor's assurances of her future ability to pay, the Trustee's motion was denied. Doc. No. 79. On the contrary, Chase prevailed on its request for relief from stay, the Debtor admittedly being in default of the Stipulation. Doc. No. 81. However, Debtor quickly filed a motion to reinstate the stay which Chase did not oppose since Debtor had tendered funds that were sufficient to cure the post-petition default. Doc. No. 83, 91 and 93. The stay was reinstated on February 27, 2007.

Six weeks later Debtor was in trouble again. On April 19, 2007 the Trustee filed his fifth motion to dismiss for failure to make payments and Chase filed a praecipe to relist the motion for relief from stay. Doc. No. 95 and 98. After one consensual adjournment, a hearing was held on June 5, 2007. On June 4, 2007 Debtor filed a motion to amend her plan to make up the delinquency to the Trustee by increasing her payments from $325 to $380. The plan amendment motion was self-scheduled for June 27, 2007.

The Trustee and Chase contested motions went forward on June 5 as scheduled. While Debtor's counsel appeared, Debtor did not notwithstanding counsel having left her a message the prior evening about the pending hearing. She did not respond to him. At the hearing, the Trustee provided uncontroverted evidence of four missed payments and the multiple motions to dismiss. On that record, the case was dismissed on June 7, 2007, rendering Chase's motion moot.

On June 18, 2007 the Reconsideration Motion was filed. The basis of that Motion appears to be that there was a pending motion to amend the plan and it should have tolled the dismissal hearing.[2] It was also averred that the Debtor could not be present at the hearing because of work commitments.[3] In short, Debtor asks that I reinstate the case and allow her to amend the confirmed plan to increase her monthly payments.

**DISCUSSION**

A motion for reconsideration is governed by Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 59(e) which is applicable in bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 9023.[4] Its purpose is to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 908 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). "Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." Seleras v. M/V Cartagena de Indias, 959 F. Supp. 270 (E.D. Pa. 1997) (*quoting* Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Accordingly, the scope of FRCP 59(e) is very narrow.

---

[2] Debtor's counsel cites to his practice as a bankruptcy judge not to dismiss cases when an abatement motion was pending. I find no relevancy to this statement. My view of such motions, discussed infra, is known to practitioners in my court, including Debtor's counsel.

[3] At the hearing on the Reconsideration Motion, the Debtor stated that she had recorded the day before on her calendar (not that she appeared on that date) and confirmed that she was contacted the night before by her counsel but was just too busy completing a landscaping job to appear.

[4] Debtor does not cite any rule for the relief she requests.

> The purpose of a Rule 59(e) motion is to allow the court to reevaluate the basis of its decision. ... Motions for reconsideration are not at the disposal of an unsuccessful party to "rehash" the same arguments and facts previously presented.

Keyes v. National Railroad Passenger Corporation, 766 F.Supp. 277, 280 (E.D. Pa. 1991) (citations omitted). See also Reich v. Compton 834 F.Supp. 753, 755 (E.D. Pa. 1993), aff'd in part, rev'd in part on other grounds, 57 F.3d 270 (3rd Cir. 1995). The court in Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D. Va. 1977) stated that "[w]hatever may be the purpose of Rule 59(e) it ... [was not] ... intended to give the unhappy litigant one additional chance to sway the judge."

This Reconsideration Motion used Rule 59(e) precisely contrary to the way it is intended to be used. It makes no pretense of any basis for reconsideration – no error of law, no error of fact and no newly discovered evidence. It appears to assume that a dismissal motion for lack of payment can be controverted by amending the plan to promise to pay over the future life of the plan. I have repeatedly rejected that strategy absent consent of the affected parties. When it is apparent, as here, that the debtor cannot make the present payments and has no prospects of making increased ones in the future, plan amendment does not cure plan default. Absent consent, abatement motions, which are nowhere found in the Bankruptcy Code but appear to be part of the culture of this district, should be granted only in extraordinary circumstances.

While the Debtor did not press her plan amendment at the Reconsideration Motion hearing, she was examined extensively again by the Trustee and Chase's counsel. Her testimony offered nothing new. Her business is still not generating sufficient income

to make the existing payment commitments to both Chase and the Trustee. Her recurring health problems apparently have impeded her ability to increase her income from her landscaping business. Her plans to secure other employment as a college administrator are as vague and aspirational today as they were in January when she first indicated that she had been seeking other employment since November 2006 to gain financial stability.

Debtor is an educated and articulate woman whose representations about her situation and certainty about her ability to perform allowed her to overcome a contested Trustee motion to dismiss in January. In all, she was given four opportunities to escape dismissal for non-payment. Her history is outlined in great detail above to show that she has been in default to either the Trustee or Chase for the duration of this case.[5] Her last payment to the Trustee was in March 2007. Given her inability to make her existing payments, how could she even propose a plan that would increase her obligation when there are no additional resources to fund the payments. Moreover, as this is the income producing time of her seasonal business, her finances will decrease rather than increase.

Because there is absolutely no basis for the Reconsideration Motion, it will be denied. The pursuit of this meritless motion to delay the inevitable wasted the Court and opposing counsel's time. I write on this matter not because it was a close call but to make this statement. Whether the Reconsideration Motion was borne of Debtor's perceived view that she has some entitlement to continue in Chapter 13 notwithstanding her inability to

---

[5] Indeed at the prior hearing her counsel acknowledged that as she had paid the mortgage company, she couldn't pay the Trustee.

pay or of her counsel's view that there was no down side to advancing a motion to try again, I caution against using this procedural device for improper purposes such as delay and harassment. Debtor had a full and fair opportunity to be heard. As unfortunate as the outcome was for her, she had her day in court.

An Order consistent with this Memorandum Opinion shall be entered.

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Dated: August 1, 2007

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| DEBORAH A. KUHAR, | : | Bankruptcy No. 04-36627DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 1st day of August 2007, upon consideration of the Debtor's Motion to Reconsider Dismissal of Case and for Permission to Amend Plan Post-Confirmation ("Reconsideration Motion") and the objection of the Chapter 13 trustee and Chase Manhattan Mortgage Corp. (together "Objectors") thereto, after notice and hearing and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** and **DECREED** that the Reconsideration Motion of the Debtor is **DENIED**.

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge